E-FILED
Monday, 01 April, 2019 02:36:47 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY FETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 18-CV-3306 |
| | ) |
| JOHN R. BALDWIN, et al. | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from Big Muddy Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1] This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff invokes 42 U.S.C. § 1983 to challenge the constitutionality of various state statutes that govern his sentence, his ability to earn sentence credit, and his mandatory supervised release.

Plaintiff must serve 85% of his sentence pursuant to 730 ILCS 5/3-6-3(a)(1)(ii). Because of this limit, Plaintiff cannot earn sentence credits that would bring his sentence below 85%. Some inmates are only required to serve 50% of their sentence pursuant to a different section, 730 ILCS 5/3-6-3 (a)(2.1). Plaintiff contends that this difference violates his equal protection rights. Plaintiff asserts that all individuals sentenced on the same date must be subjected to the same time-served requirement, namely the 50% requirement.

Plaintiff asserts that this is a § 1983 claim as opposed to a habeas claim, but Plaintiff seeks a declaration that he need serve only 50% of his sentence, which sounds in habeas. Nelson v. Campbell, 541 U.S. 637, 646-47 (2004)(challenge to the length of

sentence fits as a habeas action and is not cognizable under & 1983); Preiser v. Rodriguez, 411 U.S. 475 (1973)(challenge to fact or duration of confinement proceeds under habeas, not § 1983 claim); Waletzki v. Koehane, 13 F.3d 1079 (7th Cir. 1994)(evaluating denial of discretionary good time credits in habeas action); Ward v. Akpore, 702 Fed.Appx. 467 (7th Cir. 2017)(inmate's claim for 4.5 day credit sounded in habeas—affirming dismissal of § 1983 claim, assessment of strike, and denial of chance to amend).

In any event, the claim is frivolous, as well as failing to state a § 1983 claim. Neitzke v. Williams, 490 U.S. 319 (1989)(action is frivolous "where it lacks an arguable basis either in law or in fact."). Since no fundamental right or suspect class is at issue, the difference in treatment need only be supported by a rational basis. Armour v. City of Indianapolis, 132 S.Ct. 2073, 2079–80 (2012). Statutory classifications are presumptively valid "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." F.C.C. v. Beach Communications, Inc., 508 U.S. 307, 314 (1993).

There is a conceivable rational basis for treating Plaintiff's crime different than other crimes. Plaintiff was convicted of

predatory criminal sexual assault of a child, one of the crimes for which sentence credit is limited to 4.5 days each month. 730 ILCS 5/3/-6-3(a)(2)(ii). Other crimes like attempted murder, home invasion, armed violence, and aggravated criminal sexual assault are also subject to that limit. 730 ILCS 5/3/-6-3(a)(2)(ii)-(iii).

These crimes may rationally be perceived as more violent, dangerous, or serious as compared to crimes which are eligible for 50% sentence credit, thus justifying the reduction in sentence credit. *See* Olmsted v. Doyle, 2009 WL 4799573 (E.D. Wis. 2009)(not published in Fed.Rptr.)(statutory amendments that prevented some inmates from earning good time and not others did not state equal protection claim); De Oca v. Perryman, 1996 WL 634202 (N.D. Ill. 1996)(not published in Fed.Rptr.)("Different crimes raise different policy concerns, and it is not a judicial function to second-guess the classifications between offenses . . . .")(quoted cite omitted); Brewer v. Peters, 262 Ill.App.3d 610 (5th Dist. 1994)(restriction on eligibility for good time for inmates convicted of certain offenses was rationally related to reducing prison overcrowding while reducing the risk of releasing dangerous offenders). The difference in treatment is rational. Even individuals

who commit identical crimes may be charged differently and punished differently. Lorenzo v. Securities and Exchange Comm'n, ---- S.Ct. ---, 2019 WL 1369839 (2019)("Criminal laws regularly and permissibly overlap with each other in a way that allows the same conduct to constitute different crimes with different punishments."); U.S. v. Batchelder, 99 S.Ct. 2198 (1979)(prosecuting felon in possession of gun under statute with longer sentence rather than statute with lower sentence did not violate equal protection or due process); U.S. v. Moore, 543 F.3d 891 (7th Cir. 2008)(no equal protection claim where criminal defendants were identical in every respect but one was prosecuted in state court and one in federal court).

Plaintiff next challenges the statutory requirement that he "successfully complete" a sex offender treatment program to earn sentence credit. Plaintiff contends that this statute is unconstitutionally vague because whether sex offender treatment is successfully completed is within the arbitrary discretion of the counselor.

This claim is frivolous, too. The statute at issue says that sex offender treatment must be either successfully completed or an

inmate must be participating in sex offender treatment to earn sentence credit. 730 ILCS 5/3-6-3(a)(4.6). Therefore, so long as an inmate is participating in the treatment, the inmate is eligible for sentence credit regardless of completion (subject to the other limitations on sentence credit like the 85% rule). In any event, conditioning the award of sentence credit on successful treatment completion is not on its face unconstitutional.

Next, Plaintiff claims that a state statute governing extended supervision of sex offenders is unconstitutionally vague because the statute requires a releasee requesting discharge from supervision to attach a recommendation from the releasee's supervising agent. 730 ILCS-14-2.5(d). Even if Plaintiff could now seek discharge from supervision, his claim would be frivolous. Someone on supervised release may be required to meet certain conditions to qualify for discharge from that supervision.

Similarly, Plaintiff's challenge to the tolling of any period of mandatory supervised release during a period of incarceration also states no federal claim. 730 ILCS 5/3-14.25(e)("The term of extended mandatory supervised release . . . shall toll during any period of incarceration."). Plaintiff claims that the tolling period

violates the Eighth Amendment as cruel and unusual punishment. Putting aside that Plaintiff is not currently subjected to the tolling provision, the tolling provision violates no federal law. *See* <u>Wallace v. Greer</u>, 821 F.2d 1274 (7th Cir. 1987)(inmate was not unlawfully detained past his sentence where MSR term was tolled during MSR violation). Disagreement with the law does not give rise to a constitutional claim.

**IT IS ORDERED:**

1) Pursuant to 28 U.S.C. § 1915A, Plaintiff's complaint is dismissed for failure to state a claim and as frivolous.

2) Any amendment to the Complaint would be futile. This case is therefore dismissed and closed.

3) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).

4) Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

5) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal and may be assessed another strike.

6) **The clerk is directed to enter judgment.**

7) **The clerk is directed to record Plaintiff's strike in the three-strike log.**

ENTERED: April 1, 2019

FOR THE COURT:

__ s/Sue E. Myerscough __
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE